STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

{
In Re Smith Building Permit { Docket No. 208-12-10 Vtec
{ (Appeal from Concord ZBA decision)
{

## Judgment Order

William and Rosemary Smith sought a permit for their already-constructed thirty-foot by fifty-foot garage that they built on their property at 148 Shadow Lake Road in the Town of Concord, Vermont.

The Smiths' efforts to obtain a permit for their garage have a long, somewhat complicated history. Initially, the Smiths received a permit to build their garage from the Town of Concord Zoning Administrator ("Zoning Administrator") on April 14, 2008. That permit, however, directed that Applicants complete the construction of their garage within one year from the date that the permit issued. At trial, the undisputed evidence was that the Smiths did not begin to construct their garage until after the one year anniversary of the issuance of their 2008 permit. The Smiths were therefore obligated to obtain another permit for their garage.

On May 11, 2009, the Smiths submitted an application for a second permit for their garage. The Zoning Administrator approved their application that same day. However, a concerned neighbor appealed the Zoning Administrator's permit approval to the Town of Concord Zoning Board of Adjustment ("the ZBA"), which ultimately denied the Smiths' permit application by written decision dated October 13, 2010, a copy of which was admitted at trial as Town Exhibit 8. The Smiths thereafter filed a timely appeal of the ZBA's decision to this Court.

The proceedings before this Court became extended, due in part to several pre-trial motions filed by the parties. The Court addressed all of those motions and then set the matter for trial. When the parties were unable to resolve the legal issues remaining in dispute, the Court conducted a site visit and merits hearing at the Caledonia Superior Court, Civil Division, in St. Johnsbury on June 3 and 4, 2013. Once all parties completed their presentation of evidence and cross-examination of the opposing parties' witnesses, the Court reviewed its notes and rendered its Findings of Fact and Conclusions of Law on the record of the merits hearing.

This Judgment Order is issued to supplement the Court's oral Findings and Conclusions and to satisfy the Court's obligations under Vermont Rule of Civil Procedure 58, which requires

1

that a trial court issue a separate judgment order to memorialize its final determination in a matter presented to the court.

The Court summarizes its Findings of Fact and Conclusions of Law in the following paragraphs to provide some context to the readers of this Judgment Order. Anyone wishing to review all Findings and Conclusions is directed to the tape-recorded record from the June 3–4, 2013 merits hearing.

### Findings of Fact

1. The Smiths' property is located at 148 Shadow Lake Road in the Town of Concord. At the time of the Smiths' first filing for a permit to construct their proposed garage, their property already included a single family residence that adjoined Shadow Lake Road. See the Smith's 2009 permit application, admitted as Smith Exhibit 7. The Smiths attached a hand-drawn site map of their property to their application, a copy of which is included as page 3 to Exhibit 7.

2. The Smiths proposed to build their garage behind their home, near their westerly boundary. Id.

3. An unnamed brook runs along the Smiths' westerly boundary. This brook flows from a neighbor's property located to the south of the Smiths' property, through a culvert under George's Road, and then along the westerly boundary of the Smiths' property. This neighbor's property is higher in elevation than the Smiths' property, but by the time the brook passes beside the now-constructed garage, the brook is slightly lower in elevation than the Smith's' property.

4. The westerly portion of the Smiths' property is located in a "Zone A" special flood hazard area, as identified on the portion of the National Flood Insurance Program map (as revised Sept. 30, 1992) that depicts the Smiths' property and neighboring properties. The Smiths' garage is located in this federally-designated special flood hazard area.

5. During the trial, the Court repeatedly asked the Smiths to present admissible evidence of the base flood elevation for this area and the elevation of the floor in their garage. Mr. Smith replied that he had no knowledge of – and provided no testimony related to – the elevation of his garage or the base flood elevation for the flood hazard zone in which he had built the garage.

6. The Smiths failed to begin construction of their garage prior to the one year anniversary of the issuance of their 2008 permit.

## Conclusion

Based upon the evidence presented, the Court concludes the following:

a. Mr. and Mrs. Smith failed to begin construction of their proposed garage prior to the expiration of the one-year anniversary of the issuance of the permit they received from the Zoning Administrator on April 14, 2008. The Smiths were therefore obligated to obtain a new permit for the construction of their proposed garage. See Article VII, Section 2 of the Town of Concord, Vermont Zoning Bylaws, as amended March 1, 1994 ("Bylaws").

b. The Zoning Administrator issued a second permit to Mr. & Mrs. Smith for their proposed garage on May 11, 2009. The Smiths then immediately began construction of their proposed garage. However, their neighbor filed a timely appeal with the ZBA of the Zoning Administrator's permit decision. The ZBA then reversed the Administrator's decision and denied the Smiths' permit application.

c. By their appeal to this Court, the Smiths kept alive their opportunity to secure a new permit for their now-completed garage. But as with any de novo appeal to this Court, the Smiths as applicants bore the burden of presenting evidence that their application conforms to the applicable Bylaws provisions.

d. Construction and other development are generally prohibited within areas designated as special flood hazard areas, unless the ZBA issues conditional use approval. Bylaws Article III, § 11(2).

e. In considering an application for a permit to build within a special flood hazard area, the ZBA in the first instance, and this Court on appeal, must consider several criteria, including (1) the base flood elevation and its relationship to the elevation of the proposed project; "(2) the availability of alternative locations not subject to flooding . . .; (3) the susceptibility of the proposed improvement to flood damages;" as well as several other criteria. Bylaws Article III, § 4(b).

f. In decisions on pretrial motions, this Court cautioned Mr. and Mrs. Smith about the evidentiary burden they would need to fulfill at trial. See In re Smith Building Permit, No 208-12-10 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Jan 9, 2012) and In re Smith Building Permit, No 208-12-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 12, 2012).

For all these reasons, the Court concludes that Applicants William and Rosemary Smith have failed to show that their garage project conforms to the applicable provisions of the Town of Concord, Vermont Zoning Bylaws, as amended. The Court therefore **DENIES** the Smiths' application as presented.

This completes the current proceedings before this Court on this application.

Done at Newfane, Vermont this 18th day of June, 2013.

Thomas S. Durkin, Environmental Judge

3